**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**JEREMY B. WARREN,** Deputy City Attorney (SBN199583)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: Phone No.: (213) 978-6900   Fax: (213) 978-8785
Email: Jeremy.Warren@lacity.org

*Attorneys for Defendant*, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF MICHEL MOORE, and KENNETH FRANCO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOHO DIAGNOSTIC CENTER, INC; USTIANA SHAGINIAN<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOE OFFICERS OF THE LOS ANGELES POLICE DEPARTMENT; KENNETH FRANCO; CHIEF MICHAEL MOORE; and DOES 1 through 20, inclusive<br><br>Defendant(s). | CASE NO. 2:24-cv-07952-ODW-SSC<br>*Hon. Otis D. Wright, II, Ctrm. 5D, 5th Floor (First Street Courthouse)*<br>*Hon. Magis. Stephanie S. Christensen– Ctrm. 790, (Roybal)*<br><br>**DEFENDANTS CHIEF MICHEL MOORE AND KENNETH FRANCO'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

COME NOW DEFENDANTS **CHIEF MICHEL MOORE** ("Chief Moore") and **KENNETH FRANCO** ("Detective Franco") (Chief Moore and Detective Franco shall be collectively referred to as "Defendants") and answer Plaintiffs' Complaint in the

above-entitled action, for themselves and for no other party, hereby admit, deny, and allege as follows:

## I. JURISDICTION AND VENUE

1. Answering Paragraph 1, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that jurisdiction is proper in the United States District Court for the Central District of California.

2. Answering Paragraph 2, to the extent that this paragraph asserts legal conclusions, no answer is required.

3. Answering Paragraph 3, to the extent that this paragraph asserts legal conclusions, no answer is required.

4. Answering Paragraph 4, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that jurisdiction is proper in the United States District Court for the Central District of California and defers to the Court as to whether it will exercise supplemental jurisdiction over the state law claims.

5. Answering Paragraph 5, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that venue is proper in the United States District Court for the Central District of California.

## II. PARTIES

6. Answering Paragraph 6, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

7. Answering Paragraph 7, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

8. Answering Paragraph 8, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that the LAPD is a law enforcement agency for the City. As to the remaining allegations set forth in this paragraph, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

///

9. Answering Paragraph 9, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that the City is a municipality in good standing under the law of the State of California and the United States of America. As to the remaining allegations set forth in this paragraph, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

10. Answering Paragraph 10, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that the Michael Moore was formerly the Police Chief for the LAPD.

11. Answering Paragraph 11, to the extent that this paragraph asserts legal conclusions, no answer is required. Detective Franco admits that he is a law enforcement officer employed by the Los Angeles Police Department. Detective Franco denies any wrongdoing. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

12. Answering Paragraph 12, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

13. Answering Paragraph 13, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

14. Answering Paragraph 14, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

**III. COMPLIANCE WITH PRE-SUIT REQUIREMENTS**

15. Answering Paragraph 15, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that Ms. Ustiana Shaginian filed a governmental tort claim but do not admit that such claim was in compliance with the California Tort Claims Act, Government Code §910 et. seq. Defendants deny that NOHO Diagnostic Center filed a governmental tort claim.

16.     Answering Paragraph 16, to the extent that this paragraph asserts legal conclusions, no answer is required. Defendants admit that Ms. Shaginian's tort claim was denied.

17.     Answering Paragraph 17, to the extent that this paragraph asserts legal conclusions, no answer is required.

**IV.     FACTUAL BASIS FOR THE CLAIMS ASSERTED**

18.     Answering Paragraph 18, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein.

19.     Answering Paragraph 19, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

20.     Answering Paragraph 20, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

21.     Answering Paragraph 21, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

22.     Answering Paragraph 22, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

23.     Answering Paragraph 23, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

24. Answering Paragraph 24, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

25. Answering Paragraph 25, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

26. Answering Paragraph 26, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

27. Answering Paragraph 27, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

28. Answering Paragraph 28, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

29. Answering Paragraph 29, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

30. Answering Paragraph 30 Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

31. Answering Paragraph 31, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

32. Answering Paragraph 32, Defendants admit that a search warrant was issued. As to the remaining allegations, Defendants lack sufficient information and

belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

33. Answering Paragraph 33, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

34. Answering Paragraph 34, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

35. Answering Paragraph 35, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

36. Answering Paragraph 36, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

37. Answering Paragraph 37, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

38. Answering Paragraph 38, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing. Defendants deny any wrongdoing.

39. Answering Paragraph 39, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

40. Answering Paragraph 40, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

41. Answering Paragraph 41, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

42. Answering Paragraph 42, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

43. Answering Paragraph 43, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

44. Answering Paragraph 44, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

45. Answering Paragraph 45, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

46. Answering Paragraph 46, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

47. Answering Paragraph 47, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

48. Answering Paragraph 48, Defendants lack sufficient information and belief to answer and, on that basis, deny the allegations contained therein. Defendants deny any wrongdoing.

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

### **42 USC § 1983 - Violation of the Fourth Amendment**

(Plaintiffs against Los Angeles Police Department, Officer Franco and LAPD Officers)

49. Answering Paragraph 49, to the extent that this paragraph asserts legal conclusions, no answer is required.

50. Answering Paragraph 50, to the extent that this paragraph asserts legal conclusions, no answer is required.

51. Answering Paragraph 51, to the extent that this paragraph asserts legal conclusions, no answer is required.

52. Answering Paragraph 52, to the extent that this paragraph asserts legal conclusions, no answer is required.

53. Answering Paragraph 53, to the extent that this paragraph asserts legal conclusions, no answer is required.

54. Answering Paragraph 54, to the extent that this paragraph asserts legal conclusions, no answer is required.

55. Answering Paragraph 55, Defendants deny the allegations contained therein.

56. Answering Paragraph 56, Defendants deny the allegations contained therein.

57. Answering Paragraph 57, Defendants deny the allegations contained therein.

58. Answering Paragraph 58, Defendants deny the allegations contained therein.

59. Answering Paragraph 59, Defendants deny the allegations contained therein.

60. Answering Paragraph 60, Defendants deny the allegations contained therein.

61. Answering Paragraph 61, Defendants deny the allegations contained therein.

62. Answering Paragraph 62, to the extent that this paragraph asserts legal conclusions, no answer is required.

63. Answering Paragraph 63, Defendants deny the allegations contained therein.

64. Answering Paragraph 64, Defendants deny the allegations contained therein.

65. Answering Paragraph 61, Defendants deny the allegations contained therein.

66. Answering Paragraph 61, Defendants deny the allegations contained therein.

## SECOND CAUSE OF ACTION

**Municipal/Supervisory Liability—Unconstitutional Policy, Practice, Custom and Failure to Train and/or Discipline (42 U.S.C. § 1983)**

**(Plaintiffs Against Defendants City of Los Angeles and Michael Moore)**

67. Answering Paragraph 67, which incorporates by reference the allegations of the previous paragraphs of the Complaint, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

68. Answering Paragraph 68, Defendants deny the allegations contained therein.

69. Answering Paragraph 69, Defendants deny the allegations contained therein.

70. Answering Paragraph 70, Defendants deny the allegations contained therein.

71. Answering Paragraph 71, Defendants deny the allegations contained therein.

72. Answering Paragraph 72, Defendants deny the allegations contained therein.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

### [Negligent Hiring, Training and Retention]

### (By Plaintiff Against Defendants City of Los Angeles and LAPD)

73. Answering Paragraph 73, which incorporates by reference the allegations of the previous paragraphs of the Complaint, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

74. Answering Paragraph 74, Defendants deny the allegations contained therein.

75. Answering Paragraph 75, Defendants deny the allegations contained therein.

76. Answering Paragraph 76, Defendants deny the allegations contained therein.

77. Answering Paragraph 77, Defendants deny the allegations contained therein.

78. Answering Paragraph 78, Defendants deny the allegations contained therein.

## FOURTH CAUSE OF ACTION

### (Violation of the Bane Act (Cal. Civ. Code § 52.1))

### (By Plaintiffs against all Defendants)

79. Answering Paragraph 79, which incorporates by reference the allegations of the previous paragraphs of the Complaint, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

80. Answering Paragraph 80, to the extent that this paragraph asserts legal conclusions, no answer is required.

81. Answering Paragraph 81, Defendants deny the allegations contained therein.

82. Answering Paragraph 82, Defendants deny the allegations contained therein.

83. Answering Paragraph 83, Defendants deny the allegations contained therein.

84. Answering Paragraph 84, Defendants deny the allegations contained therein.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE
### (By Plaintiffs against all Defendants)

85. Answering Paragraph 85, which incorporates by reference the allegations of the previous paragraphs of the Complaint, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

86. Answering Paragraph 86, Defendants deny the allegations contained therein.

87. Answering Paragraph 87, Defendants deny the allegations contained therein.

88. Answering Paragraph 88, Defendants deny the allegations contained therein.

89. Answering Paragraph 89, Defendants deny the allegations contained therein.

90. Answering Paragraph 90, Defendants deny the allegations contained therein.

91. Answering Paragraph 91, Defendants deny the allegations contained therein.

92. Answering Paragraph 92, Defendants deny the allegations contained therein.

93. Answering Paragraph 93, Defendants deny the allegations contained therein.

94. Answering Paragraph 94, Defendants deny the allegations contained therein.

95. Answering Paragraph 95, Defendants deny the allegations contained therein.

96. Answering Paragraph 96, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants alleges each of the following:

### FIRST AFFIRMATIVE DEFENSE

1. The damages alleged were directly and proximately caused and contributed to by the negligence of the Plaintiff, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### SECOND AFFIRMATIVE DEFENSE

2. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### THIRD AFFIRMATIVE DEFENSE

3. The Plaintiff had actual knowledge of the condition and particular danger alleged, knew and understood the degree of the risk involved, and voluntarily assumed such risk.

### FOURTH AFFIRMATIVE DEFENSE

4. The force used against the Plaintiff, if any, was caused and necessitated by the actions of the Plaintiff, and was reasonable and necessary for self-defense.

### FIFTH AFFIRMATIVE DEFENSE

5. The force used against the Plaintiff, if any, was caused and necessitated by the actions of the Plaintiff, and was reasonable and necessary for the defense of others.

### SIXTH AFFIRMATIVE DEFENSE

6. That the First Amended Complaint fails to state a cause of action due to applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

7. The state claims are barred for the Plaintiff's failure to comply with the provisions of the California Tort Claims Act, Government Code § 910 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

8. The action is barred for lack of standing to sue.

### NINETH AFFIRMATIVE DEFENSE

9. The action is barred by the doctrine of res judicata.

### TENTH AFFIRMATIVE DEFENSE

10. The underlying actions alleged in the Complaint were and are privileged pursuant to Civil Code § 47 [privileged communications].

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Plaintiffs failed to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

12. The individually named defendants are protected from liability under the doctrine of qualified immunity, because their conduct did not violate clearly established

statutory or constitutional rights of which a reasonable person would have known.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The City is protected from liability under the doctrine of prosecutorial immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The City is protected from liability under the doctrine of legislative immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The City is protected from liability under the federal doctrine of quasi-judicial immunity.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The City is immune from the imposition of punitive damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The City is immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense:

Government Code §§ 815.2, 815.6, 818, 818.2, 818.8, 820.2, 820.4, 820.8, ,821.6 and 822.2.

### EIGHTEENTH AFFRIMATIVE DEFENSE

18. The Complaint, and all claims asserted therein, is barred as a matter of law by *Heck v. Humphrey*, 512 U.S. 477 (1994) since a favorable judgment on the Plaintiff's

42 U.S.C. Section 1983 claims would improperly call into question the validity of a conviction and/or guilty plea.

### NINETEENTH AFIRMATIVE DEFENSE

19. There can be no recovery for a Federal civil rights violation against the City as there was no Constitutional deprivation pursuant to a policy, custom or practice. *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).

### TWENTIETH AFIRMATIVE DEFENSE

20. Every Claim contained in the Complaint is barred by the equitable doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Each and every Claim contained in the Complaint is barred by the equitable doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. There was reasonable and probable cause to detain the Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Any and all acts occurred in the proper exercise of police powers without any deliberate indifference to the rights of the Plaintiff or any other party.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The City asserts that its employees acted in good faith and neither directly nor indirectly performed any acts whatsoever which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to the Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. At all times pertinent herein, the City's employees were performing their duties in a reasonable manner consistent with the circumstances that emerged and existed at the time. In all matters, the actions of the City's employees were reasonable and proper based upon the circumstances and/or exigent circumstances that existed at the time.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. The City alleges that it is without sufficient information as to the nature and scope of the claims for relief to be able to be fully assess and set forth all potentially applicable affirmative defenses in this matter. Accordingly, the City hereby reserves the right to allege additional affirmative defenses as further information becomes known.

## PRAYER FOR RELIEF

W H E R E F O R E, Defendants **CITY OF LOS ANGELES** and **LOS ANGELES POLICE DEPARTMENT, KENNETH FRANCO AND CHIEF MICHAEL MOORE** pray for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That the action be dismissed;
3. That Defendants be awarded costs of suit;
4. That Defendants be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. § 1988.

///

///

///

# DEMAND FOR JURY TRIAL

Defendants **CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT, KENNETH FRANCO AND CHIEF MICHAEL MOORE** demand and request a trial by jury in this matter.

Dated: January 13, 2025        Respectfully submitted

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Asst. City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney


By:   /s/ *Jeremy B. Warren*
        **JEREMY B. WARREN**
        Deputy City Attorney,

*Attorneys for Defendant*, CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT